WILLIAM F. GIFT, APPELLEE, v. HENRY E. DRESS ET AL.,
APPELLANTS.

FILED MAY 13, 1916.   No. 18862.

Deeds: DEEDS AS MORTGAGES: SUIT TO REDEEM: SUFFICIENCY OF PETI-
TION. When, in an action to have two deeds, simultaneously exe-
cuted by the plaintiff, running to two different grantees, who are
made defendants, decreed to be mortgages, the petition contains
allegations that the execution and delivery of the deeds were in-
duced by the defendants working in concert, it will be held good
against a demurrer alleging misjoinder of parties, and that sev-
eral causes of action are improperly joined.

APPEAL from the district court for Logan county: HAN-
SON M. GRIMES, JUDGE.   *Affirmed.*

*Frank E. Beeman* and *Henry E. Dress,* for appellants.

*W. E. Hill* and *Beeler & Crosby, contra.*

MORRISSEY, C. J.

Plaintiff brought his suit in equity in the district court
for Logan county to have two certain deeds which he had
executed to the defendants decreed to be mortgages, and
for permission to redeem from the liens of these mortgages.
To this petition defendants filed separate demurrers, al-
leging misjoinder of parties defendant, that several causes
of action were improperly joined, and that the petition does
not state facts sufficient to constitute a cause of action.

The petition is very long and it would serve no useful
purpose to set it out verbatim.   It alleges that defendant
Dress is a practicing attorney, and that plaintiff employed
him to defend him against a certain criminal prosecution
for a fee of $250; that to secure the payment of this money
plaintiff executed and delivered to Dress a mortgage on a
tract of land in Logan county, which plaintiff then owned;
that thereafter Dress represented to plaintiff that certain

incriminating evidence would be given against him, and that it would be necessary to obtain a large sum of money to make a defense; that the defendant Carr would furnish the necessary money, provided plaintiff gave ample security therefor, and proposed to plaintiff that the mortgage which he had theretofore taken be released, and he executed a release; that in truth the county attorney had already determined to dismiss the felony charge which was pending against plaintiff herein because of lack of evidence to sustain the same, and, in compliance with an arrangement made between the county attorney and this plaintiff, plaintiff entered a plea of guilty to two misdemeanors, on which the fines and costs amounted to $225; that the defendant Carr advanced $250, out of which plaintiff paid said fines and costs; whereupon plaintiff, relying upon representations, which are set out in detail in the petition and alleged to be false and fraudulent, made by the defendant Dress with the knowledge and connivance of the defendant Carr, executed and delivered the deeds now asked to be decreed to be mortgages. It is alleged that the two defendants conspired together for the purpose of securing these deeds with the intention of defrauding the plaintiff of his land; that the land is worth much more than the indebtedness, and there is a prayer that the deeds be decreed to be mortgages and that the plaintiff be allowed to redeem therefrom.

It may be that the petition contains unnecessary allegations and sets out details of the transactions which are not required in a pleading of this kind, but this does not make it vulnerable to a demurrer. Defendants urge especially that there is a misjoinder of defendants, in taking title by two separate and distinct instruments of writing, but the petition expressly alleges that these two defendants conspired together to secure these two deeds and pleaded such facts as makes the act of one the act of the other. The parties are no differently situated from what they would be had they taken a joint deed to the whole property. Taking the allegations of the petition as true,

the defendants were acting in concert, and it was proper to join them in a single suit. No error is found in the ruling of the court, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.